IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIELLE STANLEY *

v. * Civil No. – JFM-10-2280
*
THE CHILDREN'S GUILD, INC. *

******

## MEMORANDUM

Plaintiff has filed this *pro se* action for employment discrimination. Defendant has filed a motion to dismiss. Plaintiff has responded to the motion. The motion will be granted.

In order to withstand the motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, plaintiff has failed to do so. Most of the wrongful acts alleged by plaintiff occurred many years ago before plaintiff resigned from her position with defendant on September 2, 2004. The law requires that a plaintiff make a charge of unlawful discrimination with the EEOC within 300 days after the alleged discriminatory act occurred, *see Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), and obviously acts that occurred more than six years ago fall outside this 300 day period. Plaintiff also asserts that in 2005 she learned that defendant had given her a poor employment reference. Assuming that providing a poor employment reference can give rise to an employment discrimination claim under federal law, this allegedly wrongful act also occurred outside the 300 day charging period established by law.

The only act alleged by plaintiff falling within the 300 day period is defendant's sale on January 28, 2010 of plaintiff's "403B Retirement savings, at a law price. Plaintiff has made no allegation, however, to suggest that this sale was made in retaliation for plaintiff having

complained about unlawful discrimination years before. Thus, plaintiff's allegations fail the "plausibility" test.

A separate order granting defendant's motion to dismiss and dismissing this action is being entered herewith.

Date: 2/14/11

J. Frederick Motz
United States District Judge